**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 24, 2026

MEMO ENDORSED

*[handwritten: Defendant will respond to this letter by June 30, 2026. In the event that Defendant is seeking to withdraw his guilty plea, counsel will explain the basis for that application.]*

**SO ORDERED:**

*[signature] Paul G. Gardephe*

Paul G. Gardephe, U.S.D.J.

Dated: *June 24, 2026*

**BY ECF**
The Honorable Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007
GardepheNYSDChambers@nysd.uscourts.gov

Re:     *United States v. Muhammad Shahzeb Khan, a/k/a "Shahzeb Jadoon,"*
        **25 Cr. 63 (PGG)**

Dear Judge Gardephe:

The Government respectfully submits this letter, with the consent of defense counsel, to request that the Court schedule a conference in the above-captioned case for the week of July 6, 2026, subject to the Court's availability.

As the Court is aware, on April 8, 2026, the defendant pled guilty pursuant to a plea agreement to Count Two of the above-referenced Indictment, which charged the defendant with attempted acts of terrorism transcending national boundaries, in violation of Title 18, United States Code, Section 2332b. (*See* Dkt. 53). As charged in the Indictment, Count Two identified as predicate offenses various violations of federal and New York state law. The predicate offense to which the defendant allocuted during his change of plea, and for which the Court described the elements, was attempting to provide material support or resources to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B. (*Id.* at 11-13, 20-24). Specifically, the defendant stated, in part, that his commission of the crime was "motivated by ISIS online messaging calling on Muslims to [kill] Jewish people." (*Id.* at 21). Following the defendant's guilty plea, on April 21, 2026, the Second Circuit issued a decision holding, in part, that evidence that a defendant "was inspired by a general online exhortation by a foreign terrorist organization" was insufficient to prove that "he worked or attempted to work under the direction or control of that organization" for purposes of proving a violation of Section 2339B. *United States v. Ullah*, 173 F.4th 399, 410-411 (2d Cir. 2026) (internal quotation marks omitted). The Second Circuit's mandate in *Ullah* has not yet issued because the Court of Appeals granted the Government's request for an extension of the time to file a petition for rehearing en banc to July 10, 2026. The Government is evaluating whether to file such a petition.

Immediately following the Second Circuit's decision in *Ullah*, defense counsel informed the Government that it intended to move to withdraw the defendant's guilty plea in light of the defendant's allocution. The parties have since been in ongoing discussions about the defendant's

request. Based on the specific facts and circumstances of this case, and without conceding that the Second Circuit's decision in *Ullah* affects the defendant's guilty plea or that the Government could not otherwise establish a violation of Section 2339B at trial, the Government has no objection to the defendant's request to withdraw his plea on the understanding that, if the defendant's plea is withdrawn, he intends to plead guilty that same day to a superseding information charging him with one count of attempted acts of terrorism transcending national boundaries, in violation of Title 18, United States Code, Section 2332b (*i.e.*, the same charge to which he previously pled guilty), but which only includes as a predicate offense a violation of New York Penal Law Sections 110 and 125.25(1) (attempted murder in the second degree).[1] The Government further understands that the defendant intends to plead guilty to the superseding information without a plea agreement. The Government has thus provided the defense with a *Pimentel* letter describing the Government's view of the applicable Guidelines should the defendant plead guilty to the superseding information.

Accordingly, the Government respectfully requests, with the consent of defense counsel, that the Court schedule a conference at which the foregoing matters can be addressed and at which, should the Court grant the defendant's request to withdraw his plea, the defendant can be arraigned and enter a guilty plea to a superseding information. A copy of the proposed superseding information and the *Pimentel* letter will be provided to the Court under separate cover.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:      /s/
      Kaylan E. Lasky
      David J. Robles
      Assistant United States Attorneys
      (212) 637-2315 / 2550

---

[1] The Section 2332b offense charged in Count Two of the Indictment, to which the defendant pled guilty on April 8, 2026, also identified violations of New York Penal Law Sections 110 and 125.25(1) as predicate offenses to the charge.