# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

June 30, 2026

*Via CM/ECF*
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *United States v. Muhammad Shahzeb Khan*
          25 Cr. 63 (PGG)

Dear Judge Gardephe,

We write to respectfully request that the Court permit Mr. Khan to withdraw his guilty plea to transcending national boundaries to provide material support to a designated terrorist organization under 18 U.S.C. § 2339B in violation of 18 U.S.C. § 2332b. Shortly after Mr. Khan's guilty plea, the Second Circuit issued a decision in *United States v. Ullah,* 173 F.4th 399 (2d Cir. 2026), and vacated the defendant's conviction under Section 2339B. The Second Circuit's basis for vacating Ullah's Section 2339B conviction renders Mr. Khan's plea allocution before the Court legally insufficient. Accordingly, withdrawal of the plea is appropriate and in the interests of justice. *See* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty … after the court accepts the plea, but before it imposes sentence if … the defendant can show a fair and just reason for requesting the withdrawal.").

The Government does not object to this application. *See* Dkt. No. 59. Should the Court grant Mr. Khan's motion to withdraw his plea, and as set forth in the Government's letter from Wednesday, June 24, 2026, Mr. Khan intends to plead guilty to a superseding information (based on a *Pimentel* letter) charging a single violation of 18 U.S.C. § 2332(b)—without 18 U.S.C. § 2339B as the predicate offense—to resolve this case.

Before Mr. Khan's guilty plea on April 8, 2026, the defense moved to dismiss Count 1 of the Indictment on the ground that Mr. Khan was accused of *independently* attempting to provide services and himself as personnel to ISIS because he was motivated by ISIS propaganda, and not because he was acting at the direction or control of ISIS or someone he believed was an ISIS agent. Specifically, the defense argued in its motion to dismiss that the Section 2339B allegations against Mr. Khan fell outside of the statute's scope because the Government failed to properly allege that he acted (or believed he was acting) under the direction or control of ISIS in attempting to provide the group with services or

personnel. *See* Dkt. No. 36 at 11-13. Indeed, under Section 2339B(h), "[n]o person may be prosecuted under this section in connection with the term 'personnel'

> unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control to organize, manage, supervise, or otherwise direct the operation of that organization. *Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.*

18 U.S.C. § 2339B(h) (emphasis added).

On April 8, 2026, while the defense's motion to dismiss remained pending, Mr. Khan entered his plea of guilty to Count 2 of the Indictment, which charged him with attempting to commit acts of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b. As the Court explained to Mr. Khan during his change-of-plea hearing, that charge contains two elements, the first being that Mr. Khan intended to commit an act of terrorism transcending national boundaries. *See* Dkt. No. 53 at 9-10. That element in turn contains four parts, one of which requires proof that Mr. Khan's conduct violated the laws of the United States or any state that is a part of the United States. *Id.* at 10. The Government asserted that Mr. Khan's violation of Section 2339B satisfied this part of the first element of the Section 2332b charge. *See id.* at 11 ("[A]s to this part of the crime, the government says that [Mr. Khan was] attempting to provide material support to a designated foreign terrorist organization, that being the Islamic State of Iraq and al-Sham, commonly known as ISIS.").

As the Court explained to Mr. Khan during the hearing, to prove that he committed the Section 2339B violation, "the government would have to show that [he] provided material support or resources to a foreign terrorist organization." *Id.* During his allocution, Mr. Khan stated that he had the "goal" of "provid[ing] [him]self and [his] services as material support to [ISIS]" and that he "was motivated by ISIS online messaging calling on Muslims to [kill] Jewish people in retaliation for Israel's killing of Palestinians in the Gaza strip." *Id.* at 21. While Mr. Khan admitted that he believed the undercover agents with whom he plotted were ISIS "adherents," he never admitted (nor was it proffered) that he actually believed the undercover agents were ISIS agents or members. Rather, Mr. Khan simply admitted that he believed the undercover agents were, like him, independently motivated by ISIS messaging and propaganda.

Approximately two weeks after Mr. Khan's guilty plea, the Second Circuit issued its decision in *Ullah*. In *Ullah*, the defendant was motivated by ISIS

propaganda to independently carry out an act of terrorism in a tunnel between the Times Square/42nd Street subway station and the Port Authority Bus Terminal in December 2017. *See Ullah*, 173 F.4th at 412. He was convicted after trial of attempting to provide himself and his services to ISIS in violation of 18 U.S.C. § 2339B.

In vacating Mr. Ullah's conviction under Section 2339B, the Second Circuit concluded that a person's independent attempt to provide services or personnel to ISIS does not satisfy the requirements of 18 U.S.C. § 2339B(h). Specifically, the Circuit made clear that "[b]eing inspired by ISIS propaganda and claiming to further ISIS's cause through [one's] acts" (*i.e.*, the facts to which Mr. Khan admitted) "do not, by themselves, establish" that a person provided material support to ISIS, under either a "personnel" or a "services" theory. *Ullah*, 173 F.4th at 415, 421. As the Circuit explained:

> We conclude that the evidence in this case was insufficient for any rational trier of fact to find beyond a reasonable doubt that Defendant provided or attempted to provide himself to ISIS as "personnel" under that definition. Yes, the evidence at trial established that Defendant watched videos online, including propaganda made by ISIS. The ISIS videos exhorted followers to carry out attacks in the United States as part of a global terrorism strategy. The evidence also established that Defendant was motivated by those videos to carry out an attack. That is indicated by messages he wrote online, on his passport, and elsewhere, and by statements he made after the attack. Drawing all inferences in favor of the government, ISIS wanted people to do what Defendant attempted to do, and Defendant attempted his attack intending to further ISIS's global strategy. But that is not enough to establish that Defendant did or attempted to "work under [ISIS's] direction or control" within the meaning of the statute. 18 U.S.C. § 2339B(h).

*Id.* at 415. The Circuit further held that the defendant's conviction could not stand under a "services" theory for "essentially the same reason." *Id.* at 421.

*Ullah* accordingly makes clear that the factual basis for Mr. Khan's plea to Count 2 is legally insufficient because he did not admit nor otherwise concede that he acted (or believed he was acting) under ISIS's direction or control. (The Government did not proffer this, either.) Rather, Mr. Khan simply acknowledged that he was independently motivated to act by ISIS's propaganda and believed that the undercover agents with whom he plotted were similarly motivated "adherents of ISIS."

Following the *Ullah* decision, defense counsel promptly contacted the Government regarding withdrawing Mr. Khan's guilty plea. Dkt. No. 59. After

substantial discussion, the Government agreed that it would not object to Mr. Khan's application to withdraw his guilty plea under Fed. R. Crim. P. 11(d)(2)(B) if Mr. Khan agreed to plead guilty to a superseding information charging a violation of 18 U.S.C. § 2332b, without Section 2339B as a predicate. Given the parties' agreement and the legal insufficiency of Mr. Khan's plea allocution in light of *Ullah*, we respectfully submit that the Court should grant this application and allow Mr. Khan to withdraw his guilty plea and enter a new plea to a superseding information and a *Pimentel* letter, in the interests of justice.

Respectfully submitted,

Andrew John Dalack, Esq.
Neil P. Kelly, Esq.

Counsel for Muhammad Khan

Cc:    AUSA Kaylan Lasky
       AUSA David Robles

4