UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

MUHAMMAD SHAZEB KHAN,

Defendant.

**ORDER**

25 Cr. 63 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On April 8, 2026, Defendant Muhammad Shazeb Khan pled guilty to Count Two of the Indictment, which charges him with attempting to commit acts of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(1)(A), (a)(2), and (b)(1)(A). (See Indictment (Dkt. No. 5) ¶ 2; Apr. 8, 2026 Min. Entries) Sentencing is currently scheduled for August 12, 2026. (Dkt. No. 52) For the reasons stated below, Khan's sentencing will be adjourned sine die pending the Second Circuit's resolution of the petitions for rehearing en banc in United States v. Ullah, No. 21-1058 (2d Cir.). See Govt. Petition for Rehearing En Banc, United States v. Ullah, No. 21-1058 (2d Cir. July 10, 2026), Dkt. No. 133; Def. Petition for Rehearing and Rehearing En Banc, Ullah, No. 21-1058 (2d Cir. July 10, 2026), Dkt. No. 130.

As noted above, Count Two of the Indictment charges Khan with attempting to commit acts of terrorism transcending national boundaries, in violation of 18 U.S.C. §§ 2332b(a)(1)(A), (a)(2), and (b)(1)(A). (See Indictment (Dkt. No. 5) ¶ 2) As a predicate to the offense charged in Count Two, the Government asserts that Khan violated 18 U.S.C. § 2339B, which makes it unlawful to "knowingly provide[] material support or resources to a foreign terrorist organization, or [to] attempt[] or conspire[] to do so." 18 U.S.C. § 2339B(a)(1).

In pleading guilty to Count Two on April 8, 2026, Khan provided a factual allocution that includes the following statements:

> In September 2024, I tried to cross the border between the United States and Canada into New York State with the intention of killing Jewish people in Brooklyn. In doing so, my goal was to provide myself and my services as material support to the Islamic State of Iraq and Syria.
>
> . . . .
>
> Specifically, I was motivated by ISIS online messaging calling on Muslims to kill Jewish people in retaliation for Israel's killing of Palestinians in the Gaza strip.

(Apr. 8, 2026 Plea Tr. (Dkt. No. 55) at 20-21)

In United States v. Ullah, the Second Circuit considered

> whether the evidence at trial – that Defendant committed a terrorist attack, inspired by a foreign terrorist organization's broadcast propaganda, intending to advance that organization's goals – was sufficient to prove that he provided or attempted to provide "material support" to that organization as is required for conviction under [18 U.S.C.] § 2339B.

United States v. Ullah, 173 F.4th 399, 410 (2d Cir. 2026).

In reversing Ullah's conviction, the Second Circuit concluded that the evidence at trial was insufficient to prove a violation of § 2339B:

> While Defendant was inspired by a general online exhortation by a foreign terrorist organization, the evidence did not prove that he worked or attempted to "work under [the] direction or control" of that organization or coordinated with the organization in any way[.]

Id. at 410-411.

In a June 30, 2026 letter, Khan requests permission to withdraw his guilty plea, arguing that the Second Circuit's decision in Ullah "renders Mr. Khan's plea allocution before the Court legally insufficient." (Def. June 30, 2026 Ltr. (Dkt. No. 61) at 1) According to Khan,

> [i]n vacating Mr. Ullah's conviction under Section 2339B, the Second Circuit concluded that a person's independent attempt to provide services or personnel to ISIS does not satisfy the requirements of 18 U.S.C. § 2339B(h). Specifically, the Circuit made clear that "[b]eing inspired by ISIS propaganda and claiming to further ISIS's cause through [one's] acts" (i.e., the facts to which Mr. Khan admitted) "do not, by themselves, establish" that a person provided material

2

support to ISIS, under either a "personnel" or a "services" theory. <u>Ullah</u>, 173 F.4th at 415, 421.

. . . .

<u>Ullah</u> accordingly makes clear that the factual basis for Mr. Khan's plea to Count 2 is legally insufficient because he did not admit nor otherwise concede that he acted (or believed he was acting) under ISIS's direction or control. (The Government did not proffer this, either.) Rather, Mr. Khan simply acknowledged that he was independently motivated to act by ISIS's propaganda and believed that the undercover agents with whom he plotted were similarly motivated "adherents of ISIS."

(<u>Id.</u> at 3)

On July 10, 2026, the Government and the defendant filed petitions for rehearing in <u>Ullah</u>. <u>See</u> Govt. Petition for Rehearing <u>En Banc</u>, <u>Ullah</u>, No. 21-1058 (2d Cir. July 10, 2026), Dkt. No. 133; Def. Petition for Rehearing and Rehearing <u>En Banc</u>, <u>Ullah</u>, No. 21-1058 (2d Cir. July 10, 2026), Dkt. No. 130.

The Second Circuit's mandate has not issued in <u>Ullah</u>, and the Circuit's resolution of the rehearing petitions may affect the sufficiency of Khan's plea allocution. Given these circumstances, this Court will not address Khan's motion to withdraw his guilty plea until the Circuit has addressed the pending rehearing petitions. Within three days of a decision addressing the rehearing petitions, the parties will so apprise the Court. In the meantime, Khan's sentencing is adjourned <u>sine die</u>.

Dated: July 13, 2026
      New York, New York

SO ORDERED.

Paul G. Gardephe
United States District Judge

3