# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

July 27, 2026

*Via CM/ECF*
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  *United States v. Muhammad Shahzeb Khan*
> 25 Cr. 63 (PGG)

Dear Judge Gardephe,

We write pursuant to Local Criminal Rule 49.1 to respectfully request that the Court reconsider its Order regarding Muhammad Khan's motion to withdraw his guilty plea and immediately enter a new one consistent with the parties' agreed-upon terms.

In an Order dated July 13, 2026, the Court ruled that it would not decide Mr. Khan's plea withdrawal motion until after the Second Circuit issues its mandate in *United States v. Ullah*, 173 F.4th 399 (2026), which will presumably not happen until the Circuit addresses pending cross-petitions for rehearing *en banc*. Dkt. No. 62. The defense appreciates that "[a] Court of Appeals' judgment or order is not final until issuance of the mandate, at that time the parties' obligations become fixed." Fed. R. App. P. 41(c), advisory committee's note, 1998 amendment. However, given the specific circumstances of this case and *Ullah*'s precedential weight, the defense respectfully urges the Court to grant Mr. Khan's application in the interests of justice, finality, and fairness, and because the government will suffer no prejudice from this consented-to outcome.

*First*, notwithstanding the pending rehearing petitions, there is no dispute that the Second Circuit's decision in *Ullah* is precedential and that district courts are therefore bound to follow *Ullah*'s holding that activity merely inspired by a foreign terrorist organization—*i.e.*, the acts to which Mr. Khan admitted—cannot serve as the basis for a "services or personnel" theory of liability under Section 2339B. This is true even if the mandate in *Ullah* has been stayed because all district courts in the Second Circuit are required to follow *Ullah*'s holding in pending cases regardless of whether the Second Circuit has returned jurisdiction to the district court in that matter. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam) (citing *Wisdom v. Intrepid Sea-Air Space Museum*, 993 F.2d 5, 7 (2d Cir. 1993) (per curiam)) ("A decision of a panel of [the Second Circuit] is binding

unless and until it is overruled by the [Second Circuit] *en banc* or by the Supreme Court."); *S.E.C. v. Amerindo Inv. Advisors, Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 405339, at *4 (S.D.N.Y. Feb. 3, 2014) ("The issuance of the mandate is relevant only to the transfer of jurisdiction from the Circuit to [the district] Court ... [and] has nothing to do with an opinion's precedential authority[.]"), *aff'd sub nom. S.E.C. v. Amerindo Inv. Advisors*, 639 F. App'x 752 (2d Cir. 2016) (summary order); *In re Dow Jones & Co., Inc.*, No. 98 MISC. 8–85 (PKL), 1998 WL 883299, at *3 (S.D.N.Y. Dec. 17, 1998) (reasoning that the principle that a Court of Appeals decision is binding on courts within its jurisdiction "is not changed" by the fact that the mandate would not issue until after disposition of a petition for rehearing); *see also Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) ("The stay of [a] mandate ... merely delays the return of jurisdiction to the district court to carry out [the circuit court's] judgment ... [and] in no way affects the duty of ... the courts in this circuit to apply now the precedent established[.]"); *Jalapa Shipping Ltd. v. Sundersons Ltd.*, No. 07 Civ. 08715 (RJH), 2009 WL 4756438, at *1 (S.D.N.Y. Dec. 11, 2009) (declining to reserve decision until after resolution of petition for rehearing in governing circuit case, reasoning that "opinions are frequently appealed and reconsidered" but that "[t]his is hardly a reason not to decide issues founded on established Circuit law").

*Second*, Mr. Khan's application to withdraw his guilty plea to a violation of 18 U.S.C. § 2332b and, immediately thereafter, plead guilty to the same statute, but with a different predicate offense, is unopposed. This further diminishes the significance of the cross rehearing *en banc* petitions filed in *Ullah*. Indeed, if the government believed that its rehearing petition in *Ullah* was an obstacle to Mr. Khan's ability to withdraw his plea based on *Ullah*'s holding, then it would have objected to Mr. Khan's motion. Because the application is not opposed, however, it reflects the parties' good-faith plea negotiations, in which the Court is generally not permitted to be involved. *Cf.* Fed. R. Crim. P. 11(c)(1).

*Third*, staying a decision on Mr. Khan's unopposed application to withdraw his plea and supplant it with a plea to the same statute of conviction (with the same sentencing exposure) until after the rehearing petitions are resolved would thwart a timely resolution of this case and cause significant harm to Mr. Khan. Under normal circumstances, rehearing petitions can take more than a year to resolve. Indeed, even if the Circuit ultimately rejects rehearing, the reconsideration process may take a prolonged time. If rehearing is granted, the Circuit will ordinarily receive additional merits briefing and often convene additional oral argument. But these are hardly normal circumstances, as there was a four-year delay between oral argument and the panel's decision in *Ullah*. Moreover, Mr. Ullah will serve a life sentence regardless of the rehearing process, further reducing any urgency the Circuit might face in resolving the rehearing petitions and any merits argument. *See Ullah*, 173 F.4th at 410 ("Nothing we have decided should or will reduce his sentence below his well-deserved life imprisonment."). Forcing Mr. Khan to remain

2

detained at MDC Brooklyn for an indeterminate (perhaps years-long) amount of time until the rehearing petitions are resolved is unnecessary and unjust, particularly because MDC Brooklyn is not designed to be a long-term detention facility, lacks services and supports long-term detainees need, and continues to be plagued with violence and other intractable problems. *See generally United States v. Gustavo Chavez,* 710 F. Supp. 3d 227 (S.D.N.Y. 2024) (detailing the myriad problems that have plagued MDC Brooklyn over the years and why they can justify continuing a defendant's bail pending sentencing under 18 U.S.C. § 3145(c)).

For these reasons and for those argued in the defense's opening, unopposed motion, the Court should permit Mr. Khan to withdraw his guilty plea to 18 U.S.C. § 2332b with Section 2339B as the predicate offense and immediately replead to a violation of Section 2332b with a different, New York state predicate offense.

Respectfully submitted,

Andrew John Dalack, Esq.
Neil P. Kelly, Esq.

Counsel for Muhammad Khan

Cc:    AUSA Kaylan Lasky
       AUSA David Robles

3